UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Shatondra Scott,

    Plaintiff,

v.

Martin Memorial Medical Center, Inc., d/b/a Cleveland Clinic,

    Defendant.

Case Number 2:23-cv-14187

## Complaint & Jury Demand

1. The Plaintiff, Shatondra Scott, sues Defendant, Martin Memorial Medical Center, Inc. doing business as Cleveland Clinic for discrimination and retaliation.

2. The Honorable Court has original jurisdiction over the federal counts and supplemental jurisdiction over the state claims.

3. Venue is appropriate in the Southern District of Florida, Fort Pierce Division.

4. Defendant is a Florida corporation.

5. Defendant conducts business as Cleveland Clinic Martin Health.

6. Plaintiff was a phlebotomist for Defendant in Stuart, Florida.

1

7. Plaintiff resides in Martin County, Florida.

8. Defendant conducts business in Martin County, Florida.

9. Defendant employs over 200 employees.

10. Plaintiff is black.

11. Plaintiff dually filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within 300 days of the incidents described in this Complaint.

12. The EEOC issued Plaintiff a notice of right to sue letter.

13. Plaintiff files suit within 90 days of receiving the notice of right to sue letter.

14. Plaintiff began working for Defendant on or about June 2022.

15. At the time of hiring Plaintiff and Defendant agreed that Plaintiff would work a shift from 7:00 a.m. to 3:30 p.m.

16. The 7:00 a.m. shift was a material term of the employment agreement.

17. Plaintiff's supervisor was biased against blacks.

18. The supervisor treated blacks worse than she treated non-black employees.

19. This supervisor discharged a black employee, whose shift was from 10:00 a.m. to 6:30 p.m.

20. Even though there were non-black employees that could have worked the 10:00 a.m. to 6:30 p.m. shift the supervisor ordered Plaintiff to change her shift.

21. Plaintiff informed the supervisor that she accepted the job with the clear understanding that her shift would be from 7:00 a.m. to 3:30 p.m., and that she was unable to work the 10:00 a.m. shift.

22. The supervisor knew that Plaintiff could not work the shift and insisted on Plaintiff working the shift in order to push Plaintiff out of her position.

23. The supervisor was acting on behalf of Defendant.

24. Defendant in whole or in part changed the terms and conditions of Plaintiff's employment because of her race.

25. Plaintiff objected and complained that she was being discriminated against.

26. Plaintiff believed in good faith that her supervisor, a non-black employee, was singling her out to work the 7:00 a.m. shift because she did not like Plaintiff due to her race.

27. Plaintiff reported to management that her supervisor was discriminating.

28. When Plaintiff reported the discrimination, Defendant responded by giving Plaintiff the ultimatum of voluntarily switching shifts or losing her position.

29. Plaintiff could not accept the new shift, even though there were other non-black employees available to take the 10:00 a.m. shift, Defendant demanded that Plaintiff do it for no reason other than her race and/or complaining of discrimination.

30. Plaintiff was constructively discharged on or about November 4, 2022.

31. The incident began on or about October 5, 2022.

32. But for Plaintiff being black she would not have been mistreated by her supervisor and Defendant.

33. But for Plaintiff complaining of racial discrimination to Defendant, Plaintiff would not have been constructively discharged.

**Count I – Section 1981 Discrimination**

34. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

35. Plaintiff sues Defendant pursuant to 42 U.S.C. § 1981.

36. Plaintiff and Defendant had an agreement regarding Plaintiff's employment.

37. Defendant treated Plaintiff differently because of her race and/or color.

38. Defendant gave Plaintiff a less favorable schedule in whole or in part because of Plaintiff's race.

39. Defendant made it impossible for Plaintiff to work for it due to the actions of Plaintiff's supervisor, who acted with malice against Plaintiff because of Plaintiff's race.

40. Plaintiff suffered the ultimate adverse employment action in whole or in part because of her race.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

**Count II – Section 1981 Retaliation**

41. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

42. Plaintiff sues Defendant for retaliation in violation of 42 U.S.C. § 1981.

43. Plaintiff reported what she believed in good faith was racial discrimination by her employer.

44. Within 30 days of complaining of discrimination, Defendant constructively discharged Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

**Count III – Title VII Discrimination**

45. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

46. Plaintiff sues Defendant pursuant to 42 U.S.C. § 2000e-5(f)(3).

47. Defendant treated Plaintiff differently because of her race and/or color.

48. Defendant gave Plaintiff a less favorable schedule in whole or in part because of Plaintiff's race.

49. Defendant made it impossible for Plaintiff to work for it due to the actions of Plaintiff's supervisor, who acted with malice against Plaintiff because of Plaintiff's race.

50. Plaintiff suffered the ultimate adverse employment action in whole or in part because of her race.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

**Count IV – Title VII Retaliation**

51. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

52. Plaintiff sues Defendant for retaliation in violation of 42 U.S.C. § 2000e-5(f)(3).

53. Plaintiff reported what she believed in good faith was racial discrimination by her employer.

54. Within 30 days of complaining of discrimination, Defendant constructively discharged Plaintiff.

7

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

**Count V – FCRA Discrimination**

55. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

56. Plaintiff sues Defendant pursuant to the Florida Civil Rights Act.

57. Defendant treated Plaintiff differently because of her race and/or color.

58. Defendant gave Plaintiff a less favorable schedule in whole or in part because of Plaintiff's race.

59. Defendant made it impossible for Plaintiff to work for it due to the actions of Plaintiff's supervisor, who acted with malice against Plaintiff because of Plaintiff's race.

60. Plaintiff suffered the ultimate adverse employment action in whole or in part because of her race.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

**Count VI – FCRA Retaliation**

61. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

62. Plaintiff sues Defendant for retaliation in violation of the Florida Civil Rights Act.

63. Plaintiff reported what she believed in good faith was racial discrimination by her employer.

64. Within 30 days of complaining of discrimination, Defendant constructively discharged Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, prejudgment interest, compensatory damages, punitive damages, if reinstatement is impossible front pay, attorneys' fees, and costs.

Respectfully submitted this 28th day of June 2023,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com